**FILED**

AUG 0 2 2012

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No.    12 CR 528 |
| | ) | |
| v. | ) | |
| | ) | Violations: Title 18, United States Code, |
| THOMAS HAWKINS and | ) | Sections 371 and 666 |
| JOHN RACASI | ) | |
| | ) | **JUDGE CONLON** |

**MAGISTRATE JUDGE COLE**

## COUNT ONE

The SPECIAL JANUARY 2012 GRAND JURY charges:

1.     At times material to this indictment:

A.     Cook County was a local government located in the Northern District of Illinois. The functions and services provided by Cook County on behalf of its residents were coordinated through various entities. One of Cook County's operational entities was the Cook County Board of Review ("Board of Review").

B.     The principal function of the Board of Review was to review appeals of the Cook County Assessor's property tax assessments.

C.     The Board of Review was made up of three commissioners. The commissioners had staff members, including analysts, who provided recommendations to the commissioners regarding the appropriate assessed value of a property for which the assessment had been appealed to the Board of Review.

D.     Defendant THOMAS HAWKINS was employed as an Analyst by the Board of Review on the staff of Commissioner A.

E.     Defendant JOHN RACASI was also employed as an Analyst by the Board of Review on the staff of Commissioner A.

F.      Individual B was an individual who, unbeknownst to the defendants, was cooperating with law enforcement.

2.      Beginning no later than August 10, 2008, and continuing until at least on or about September 17, 2008,

THOMAS HAWKINS and
JOHN RACASI,

defendants herein, conspired and agreed with each other, Individual A, and others known and unknown to the Grand Jury, that defendants HAWKINS and RACASI, being agents of Cook County, which, during a one-year period, beginning October 1, 2007, and continuing to September 30, 2008, received federal benefits in excess of $10,000, would corruptly solicit, demand, accept and agree to accept a thing of value, namely, $1,500, intending to be influenced and rewarded in connection with business and transactions of the Cook County Board of Review involving a thing of value of $5,000 or more, namely property tax reductions, in violation of Title 18, United States Code, Section 666(a)(1)(B).

3.      It was part of the conspiracy that HAWKINS, RACASI, and Individual A would identify owners of residential or commercial properties who were willing to appeal their property tax assessment to the Board of Review.

4.      It was further part of the conspiracy that HAWKINS, RACASI, and Individual A would ask the property owner to agree to pay a bribe for any tax assessment reduction obtained.

5.      It was further part of the conspiracy that the property owner would submit the standard paperwork for appealing to the Board of Review, and HAWKINS, RACASI, or others assisting them, would obtain the Property Index Number ("PIN") for the property.

2

6.     It was further part of the conspiracy that HAWKINS and RACASI would ensure that at least two of the three commissioners, or their staff, voted in favor of a reduction for the property tax assessment corresponding to the PIN.

## OVERT ACTS

7.     In furtherance of the conspiracy and to accomplish the objectives of the conspiracy, co-defendants HAWKINS and RACASI committed one or more overt acts in the Northern District of Illinois, and elsewhere, which overt acts included but were not limited to the following:

a.     In or about September 2008, HAWKINS and RACASI obtained from Individual B the addresses for three properties for which Individual B was seeking a reduction in the property tax assessment.

b.     On or about September 11, 2008, HAWKINS and RACASI provided Individual B with Board of Review Analysis/Evidence Sheets for each of the three properties identified by Individual B, which showed that the assessed value for each property would be reduced, with the reductions totaling at least approximately $14,200.

c.     On or about September 16, 2008, RACASI called Individual B and asked that Individual B provide RACASI with the bribe payment that day.

d.     On or about September 16, 2008, HAWKINS called Individual B and asked about the bribe payment and when HAWKINS and RACASI would receive the payment.

e.     On or about September 17, 2008, HAWKINS and RACASI accepted a $1,500 bribe payment from Individual B in exchange for promised property tax reductions on three properties.

All in violation of Title 18, United States Code, Sections 371.

## COUNT TWO

The SPECIAL JANUARY 2012 GRAND JURY further charges:

1.     The allegations in Paragraph 1 of Count One of this indictment are hereby realleged and incorporated as if fully set forth herein.

2.     From no later than August 10, 2008, continuing to at least September 17, 2008, at Chicago, in the Northern District of Illinois, Eastern Division,

THOMAS HAWKINS and<br>
JOHN RACASI,

defendants herein, being agents of Cook County, which, during a one-year period, beginning October 1, 2007, and continuing to September 30, 2008, received federal benefits in excess of $10,000, corruptly solicited, demanded, accepted and agreed to accept a thing of value, namely, $1,500, intending to be influenced and rewarded in connection with business and transactions of the Cook County Board of Review involving a thing of value of $5,000 or more, namely property tax reductions totaling at least approximately $14,200;

In violation of Title 18, United States Code, Section 666(a)(1)(B).

## **FORFEITURE ALLEGATION**

The SPECIAL JANUARY 2012 GRAND JURY further alleges:

1.      The allegations contained in Counts One and Two of this indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.      As a result of their violations of Title 18, United States Code, Section 371 and Title 18, United States Code, Section 666(a)(1)(B), as alleged in the foregoing indictment,

THOMAS HAWKINS and
JOHN RACASI,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offenses.

3.      The interests of the defendants subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) include but are not limited to all financial benefits and proceeds defendants received related to Counts One and Two, including, without limitation, $1,500;

4.      If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendants:

      (a)      Cannot be located upon the exercise of due diligence;

      (b)      Has been transferred or sold to, or deposited with, a third party;

      (c)      Has been placed beyond the jurisdiction of the Court;

      (d)      Has been substantially diminished in value; or

      (e)      Has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c);

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

_____
ACTING UNITED STATES ATTORNEY